UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIANMIN SUN,<br><br>                    Plaintiff,<br><br>       -against-<br><br>RACHEL L. JOHNSON; CARRIE TEAGER; UNKNOW OCCUPANTS,<br><br>                    Defendants. | 1:22-CV-1016 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendant Rachel L. Johnson, who is appearing *pro se*, filed a notice of removal to remove to this court a civil action pending in the Illinois Circuit Court of the Eighteenth Judicial Circuit ("Illinois state court"). *See Sun v. Johnson*, Case No. 2021LM000894 (Ill. Circuit Court, 18th Jud. Cir., DuPage Cnty.).

Although Defendant Johnson has not paid the fees to remove this action, and has submitted an incomplete application to proceed *in forma pauperis* ("IFP"), because removal of this action to this court is improper, the Court remands this action to the Illinois state court.

## STANDARD OF REVIEW

A defendant in a state court action may remove a matter to a federal district court if the federal district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). If there is a procedural defect, a federal district court may remand an action to the state court *sua sponte* within 30 days of the filing of the notice of removal, and may do so at any time for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

Defendant Johnson alleges that on October 6, 2021, Plaintiff Jianmin Sun filed this action in the Illinois state court seeking, among other things, Defendant Johnson's eviction from a residence in Naperville, Illinois.[1] Defendant Johnson filed her notice of removal in this court on February 3, 2022.

## DISCUSSION

Removal of this action to this court is improper. A state court civil action may be removed only to the federal district court embracing the place where the state court civil action is pending. 28 U.S.C. § 1441(a). Defendant Johnson has removed this action from the Illinois state court, which is located in DuPage County, Illinois. Thus, the United States District Court for the Northern District of Illinois is the proper federal district court to remove this action to, as that court embraces the place where the Illinois state court action is pending. *See* 28 U.S.C. § 93(a)(1).

---

[1] Defendant Johnson has failed to attach to her notice of removal any pleadings, orders, or other papers filed in the Illinois state court action.

The Court concludes that because this action is improperly removed to this court, it should be remanded to the Illinois state court. *See Mitskovski*, 435 F.3d at 131 (noting that the United States Court for Appeals for the Second Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action to this court is improper, the Court remands this action, under 28 U.S.C. § 1447(c), to the Illinois Circuit Court of the Eighteenth Judicial Circuit.

The Court directs the Clerk of Court to mail a copy of this order to the Illinois Circuit Court of the Eighteenth Judicial Circuit, at 505 North County Farm Road, Room 2015, Wheaton, Illinois 60187.

This order closes this action in this court.

Plaintiff has consented to electronic service of court documents. (ECF 1, at 6.)

SO ORDERED

Dated:   February 7, 2022
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge